**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| LAKISHA BOYD, | : | |
| Plaintiff | : | |
| VS. | : | |
| DOOLY COUNTY SHERIFF, | : | NO. 5:07-cv-319 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **LAKISHA BOYD** has filed a self-styled civil rights action under 42 U.S.C. § 1983. Parties instituting any non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that she wishes to proceed *in forma pauperis* in this action. Although it is not clear that plaintiff satisfies the requirements for proceeding IFP, for purposes of the instant action only, the Court will permit petitioner to proceed IFP.

## *I. FRIVOLITY STANDARD*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review an *in forma pauperis* complaint and dismiss it, or any portions thereof, if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325

Dockets.Justia.com

(1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. BACKGROUND

Plaintiff alleges the following in her complaint:

On July 14, 2006, plaintiff reported her ownership of her 2004 Jaguar XJ8, green in color, to the defendant [Dooly County Sheriff]. The vehicle was reported stolen on July 8, 2006, to the Bibb County Sheriff's Office in Macon, GA 31202. Plaintiff has made several attempts to recover the vehicle from the defendant but to no avail have she received it back into her possession.

The defendant has not served upon the plaintiff with any notices of seizures, nor has the defendant instituted any forfeiture proceedings in this matter as the law so requires ....

Plaintiff seeks $35,000 in cash as reimbursement for her property.

## III. DISCUSSION

The Eleventh Circuit Court of Appeals has explained that a plaintiff cannot bring a section 1983 procedural due process claim for wrongful retention of his property where adequate post-deprivation remedies exist at the state level. *See Lindsey v. Storey*, 936 F.2d 554, 560 (11th Cir. 1991) ("Even assuming the continued retention of plaintiff's personal property is wrongful, no procedural due process violation has occurred 'if a meaningful post deprivation remedy for the loss is available'") (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). The State of Georgia

provides adequate post-deprivation remedies, as set out in O.C.G.A. § 9-11-60, for forfeiture actions. *See Youree v. State*, 469 S.E.2d 208, 209 (Ga. App. 1996) (holding that "[t]he proper method of making a post-judgment attack on a forfeiture is through OCGA § 9-11-60."). In the alternative, plaintiff could have brought a civil action for wrongful conversion of personal property under O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property ... [and] provide[s] an adequate post deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Because plaintiff has adequate post-deprivation remedies under Georgia law, she fails to allege a violation of her Fourteenth Amendment rights.

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 22nd day of August, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr